**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANTONIO GUTIERREZ, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>EXECUTIVE OFFICE FOR )<br>UNITED STATES ATTORNEYS, )<br>)<br>    Defendant. ) | Civil Action No. 20-1524 (BAH) |

**MEMORANDUM OPINION**

  Antonio Gutierrez ("plaintiff") brings this action under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552, to obtain records allegedly maintained by the Executive Office for United States Attorneys ("EOUSA"), a component of the United States Department of Justice ("DOJ" or "defendant"). Pending before the Court is Defendant's Motion for Summary Judgment, ECF No. 14, which, for the reasons discussed below, is granted.

**I. BACKGROUND**

  Plaintiff was convicted in the United States District Court for the District of New Mexico on three charges of production of child pornography and sentenced to thirty years in prison. Def.'s Mem. of P. & A. in Support of Mot. for Summ. J. ("Def.'s Mem.") at 2 n.1, ECF No. 14-1; Def.'s Mot, Ex. 2, Decl. of Marisa Ong ("Ong Decl.") ¶ 1, ECF No. 14-4; *see Gutierrez v. United States*, No. 14-2129 (10th Cir. Sept. 14, 2015) (affirming conviction of three counts of producing child pornography pursuant to 18 U.S.C. §§ 2251(a) and 2256 and 360-month prison sentence). Thereafter, by letter dated October 2, 2019, plaintiff sent a request to EOUSA listing the following nine items of interest:

1

1. INFORMATION OF WHERE MY "COMPUTER" WAS MADE (LAP TOP) SUCH AS CHINA, INDIA, ETC.

2. INFORMATION OF WHERE MY "CELL PHONE" WAS MADE SUCH AS CHINA, INDIA ETC.

3. INFORMATION OF WHERE VICTIMS CELL PHONE WAS MADE SUCH AS CHINA, INDIA ETC.

4. INFORMATION OF "COMPUTER FORENSIC ANALYSIS" REPORT, IN REGARDS TO DELETED FILES IN MY COMPUTER (LAP TOP)

5. TYPED TRANSCRIPT OF "TEXTING MESSAGES" BETWEEN MYSELF AND JANE DOE FROM AUGUST 1, 2011 THRU NOVEMBER 7, 2011

6. NAME OF LOCATIONS OF PICTURES OF VICTIM CROSSING INTERSTATE AND FOREIGN COMMERCE.

7. TYPED TRANSCRIPT OF VIDEO TAPED INTERVIEWS OF VICTIM BY APD AND CPS

8. TYPED TRANSCRIPT OF VIDEO TAPED INTERVIEW OF ELENA PICKUP BY APD AND CPS

9. LISTING OF ALL EVIDENCE SEIZED UNDER VAUGHN INDEX

Def.'s Statement of Undisputed Material Facts ("Def.'s SMF"), Attach. A at 2-3 (emphasis in original), ECF No. 14-2.  EOUSA acknowledged, by letter dated October 22, 2019, receipt of plaintiff's request, which was assigned tracking number EOUSA 2020-000170.  Def.'s SMF ¶ 2; *see id.*, Attach. B.  EOUSA's letter alerted plaintiff to the possibility that he may incur fees associated with processing his request, but that the agency would provide two hours of search time and 100 pages of records at no cost to plaintiff.[1]  *See id.*, Attach. B at 1.  EOUSA suggested that plaintiff modify his request to narrow its scope, thereby reducing any potential fees.  *See id.*

---

[1] "No fee may be charged . . . for the first two hours of search time or for the first one hundred pages of duplication."  5 U.S.C. § 552(a)(4)(A)(iv)(II).

Since plaintiff had been tried and convicted in the District of New Mexico, EOUSA staff referred the matter to the United States Attorney's Office for the District of New Mexico ("USAO-NM"). *See* Def.'s SMF ¶¶ 3-4. Marisa Ong, the Assistant United States Attorney who prosecuted plaintiff's criminal case, *see id.* ¶¶ 5-6, conducted a search for records responsive to plaintiff's FOIA request and supplied EOUSA's supporting declaration, *see* Ong Decl. ¶ 1; Def.'s SMF ¶¶ 5-6. The declarant was "familiar with the gathering and handling of certain items of evidence . . . obtained from the Federal Bureau of Investigation ('FBI') during its investigation and [the USAO-NM's] prosecution of [p]laintiff, as well as the disposition of the evidence following the trial." Ong Decl. ¶ 1.

The declarant reviewed the criminal case's docket entries on the Court's Public Access Computer Electronic Records System ("PACER") and ordered the closed trial file. Def.'s SMF ¶ 8; Ong Decl. ¶ 4. Next, she determined that USAO-MN did not have information responsive to Items One, Four, Five, Six, Seven and Eight of plaintiff's FOIA request.

As to Item One, which asked where plaintiff's computer was made, *see* SMF ¶ 7, the declarant determined that this "computer, which was seized by the FBI during [its] investigation, was returned to the FBI because it contained contraband (e.g., images of child pornography)," *id.* ¶ 12. Similarly, the "Computer Forensic Analysis Report" plaintiff sought in Item Four, believed to be "the original Forensic Too[l] Kit report," "would have been returned . . . to the FBI for safekeeping and/or destruction, as is the common practice in the District of New Mexico." Ong Decl. ¶ 9; *see* Def.'s SMF ¶¶ 9, 18.

Items Five, Seven and Eight sought transcripts of a videotaped interview. *See* SMF ¶ 7. The declarant "did not recall receiving those transcripts, and they were not introduced into evidence at Plaintiff's trial." *Id.* ¶ 10. She did locate a portion of the trial transcript containing

3

testimony of a case agent responsive to Items Two and Three of the request. *Id.* ¶ 13. "[S]he printed that portion of the transcript," *id.*, and provided two pages of records to the agency's FOIA contact, *id.* ¶ 21.

Meanwhile, by letter dated November 4, 2019, plaintiff modified his FOIA request, *see id.* ¶ 14, limited to the following items:

> Request 1: Exculpatory evidence negates defendant's specific intent, 18 U.S.C. § 2251(a), -- defendant acted for purpose of producing . . . Request 2: Computer Forensic Evidence Lab Report, of Ms. Doe photo description between May 2nd to Aug. 3rd, of 2011, sending Selfies from phone to defendant. Photo 1 – Doe in bathroom standing in underwear garments. Photo 2 – Doe in bathroom, partially nude. Photo 3 – Doe in bathroom, fully nude. All Selfies were dome [sic] alone.

*Id.*, Attach. D. Plaintiff also instructed that EOUSA "not search beyond two hours [or] duplicate beyond 100 pages." *Id.*

Request 2 of the modified request corresponded with Item Four of the original FOIA request. Def.'s SMF ¶ 17. The "Computer Forensic Evidence Lab Report" plaintiff requested was "a record generated by the Regional Computer Forensic Laboratory which assists the FBI with investigations dealing with computer forensic evidence." *Id.* As stated above, the report had been returned to the FBI. *Id.* ¶ 18. Likewise, the photographs plaintiff requested originated from and were returned to the FBI "after the expiration of time for [p]laintiff to file a notice for direct appeal and motions for collateral attacks on his convictions." *Id.* ¶ 19.

Lastly, the index to which plaintiff referred in Item Nine of the original request was a list of items seized by the FBI prepared by FBI Special Agent Victoria Vaughn. Def.'s SMF ¶ 11. It "most likely could be found in [the] criminal case file." Ong Decl. ¶ 16. By the time the declarant received the closed criminal case file, however, the two-hour search time had expired. *See id.*

The only responsive record located was the "portion of the trial transcript . . . obtained from PACER" addressing Items Two and Three of the original FOIA request. *Id.* ¶ 15. EOUSA released this portion of the transcript to plaintiff on January 30, 2020. *See* Def.'s SMF ¶¶ 21-22; *see id.*, Attach. E.

The declarant averred that there are no "other locations within the USAO-NM where records that might be responsive to [p]laintiff's requests are likely to be located," and she knows of no "other method or means by which a further search could be conducted that would likely uncover additional responsive records." Ong Decl. ¶ 17.

## II.     LEGAL STANDARD

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, . . . together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted). An agency may meet its burden solely on the basis of affidavits or declarations, *see Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999), as long as they "describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record [or] by evidence of agency bad faith," *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981) (footnote omitted).

## III. DISCUSSION

"An agency fulfills its obligations under FOIA if it can demonstrate beyond material doubt that its search was reasonably calculated to uncover all relevant documents." *Valencia-Lucena*, 180 F.3d at 325 (citations and internal quotation marks omitted). To this end, the agency may present and "[t]he court may rely on a 'reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched.'" *Mobley v. CIA*, 806 F.3d 568, 580-81 (D.C. Cir. 2015) (quoting *Oglesby v. Dep't of the Army*, 920 F.2d 57, 68 (D.C. Cir. 1990)). A search need not be exhaustive, *see Miller v. U.S. Dep't of State*, 779 F.2d 1378, 1383 (8th Cir. 1995), and it need not be perfect, *see DiBacco v. U.S. Army*, 795 F.3d 178, 191 (D.C. Cir. 2015) ("[A]dequacy – not perfection – is the standard that FOIA sets."). Rather, the search must be reasonable depending on the circumstances of a particular case. *See Weisberg v. U.S. Dep't of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983).

Plaintiff argues that the search was inadequate because EOUSA failed to produce three items. *See generally* Pl.'s Response to Doc. #14 ("Pl.'s Opp'n") at 1-2, ECF No. 16. He complains that the EOUSA did not respond to Items Seven and Eight of the original request for transcripts of videotaped interviews, *id.* at 1, even though the videos "were introduced at trial in form of a video having no sound or audio, for the jury to watch (Sound deliberately turned off by prosecution)," *id*. at 2. Nor did EOUSA respond to Request 1 of the modified request for "[e]xculpatory evidence" to "negate[] . . . specific intent" to commit a crime, under 18 U.S.C. § 2251(a), which provides:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in, or who has a minor assist any other person to engage in, or who transports any minor in or affecting interstate or foreign commerce, or in any Territory or Possession of the United States, with the intent that such minor engage

6

> in, any sexually explicit conduct for the purpose of producing any visual depiction of such conduct or for the purpose of transmitting a live visual depiction of such conduct, shall be punished . . . , if such person knows or has reason to know that such visual depiction will be transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed, if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means, including by computer, or if such visual depiction has actually been transported or transmitted using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce or mailed.

*Id.* Neither challenge has merit.

EOUSA no longer is obligated to respond to plaintiff's original FOIA request, which included Items Seven and Eight for transcripts of videotaped interviews, because plaintiff modified the request and eliminated these items. *See Dillon v. Dep't of Justice*, 444 F. Supp. 3d 67, 84 (D.D.C. 2020) (concluding that plaintiff who narrowed the scope of initial FOIA request could not "revert back" to the "initial, broader scope" of initial request). In any event, EOUSA adequately explains why it did not, and could not, produce transcripts.

"Agencies must read FOIA requests 'as drafted.'" *Amadis v. U.S. Dep't of State*, 971 F.3d 364, 370 (D.C. Cir. 2020) (quoting *Miller v. Casey*, 730 F.2d 773, 777 (D.C. Cir. 1984)). Here, plaintiff did not request videotapes, he requested transcripts of the videotaped interviews which, according to EOUSA's declarant, "were not introduced into evidence at trial." Ong Decl. ¶ 6. Further, the declarant explained, she did not "believe transcripts of the records [p]laintiff requested for Items . . . Seven and Eight were ever obtained by" USAO-MN. *Id*. "[W]hen an agency does not possess or control the records a requester seeks, the agency's non-disclosure does not violate FOIA because it has not 'withheld' anything." *DiBacco*, 795 F.3d at 192 (citing *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 152 (1980)).

Plaintiff is no more successful in challenging EOUSA's failure to respond to Request 1 of the modified FOIA request. "The plain language of FOIA makes clear that the agency's

obligation to search for responsive records is triggered when the records sought are 'reasonably describe[d].'" *Ecological Rights Found. v. EPA*, No. 19-CV-980, 2021 U.S. Dist. LEXIS 27748, at *22 (D.D.C. Feb. 13, 2021) (quoting 5 U.S.C. § 552(a)(3)(A)).  As defendant observes, Request 1 "does not identify a document or category of documents that EOUSA could easily discern from this request."  Def.'s Reply in Support of Mot. for Summ. J. at 3 n.4, ECF No. 17.  EOUSA must "construe a FOIA request liberally," *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995) (citing *Truitt v. U.S. Dep't of State*, 897 F.2d 540, 544-45 (D.C. Cir. 1990)) (additional citations omitted), but EOUSA cannot be expected to divine which records in its possession, if any, would qualify as "exculpatory evidence."

"The fact that the search failed to locate . . . responsive records did not automatically render the search inadequate."  *Francis v. U.S. Dep't of Justice, Office of Info. Policy*, No. 17-5233, 2018 U.S. App. LEXIS 17036, at *2 (D.C. Cir. June 20, 2018) (per curiam) (citing *Iturralde v. Comptroller of Currency*, 315 F.3d 311, 315 (D.C. Cir. 2003)).  Moreover, plaintiff cannot fault EOUSA for discontinuing its search efforts when, at plaintiff's request, it ceased its efforts after having expended the two-hour limit on searches provided at no charge.

**IV.   CONCLUSION**

The record demonstrates that EOUSA conducted a reasonable search for records responsive to plaintiff's FOIA request, as modified, and complied with its FOIA obligations.  EOUSA is therefore entitled to summary judgment.   An Order consistent with this Memorandum Opinion will be issued contemporaneously.

DATE:  April 27, 2021                        /s/ *Beryl A. Howell*

                                                              BERYL A. HOWELL
                                                              Chief Judge
                                                              United States District Court for the District of Columbia